# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JACQUES BROUSSEAU, ET AL. | CIVIL ACTION NO. |
| VERSUS | 21-5-SDD-EWD |
| KNAUF GIPS KG, ET AL. | |

## ORDER

Before the Court is the Motion to Strike Supplemental Claims in Plaintiffs' Amended Complaint ("Motion to Strike"), filed by Knauf Gips KG and Knauf Plasterboard Tianjin Co. LTD ("Defendants").[1] The Motion to Strike was originally opposed by Plaintiffs,[2] and Defendants filed supplemental authority[3] and a reply memorandum.[4] After the Motion to Strike was set for hearing,[5] Plaintiffs withdrew their opposition.[6] The motion will be granted.

This case is one of many that was originally consolidated in the *In re: Chinese-Manufactured Drywall Products Liability Litigation* in the Eastern District of Louisiana (the "MDL").[7] On November 23, 2020, that court severed claims involving Louisiana property and retained jurisdiction over claims related to property located in the Eastern District. The instant matter was transferred to this Court because Plaintiffs' affected property is in Baton Rouge and the parties consented to the transfer pursuant to 28 U.S.C. § 1404.[8]

---

[1] R. Doc. 7.
[2] R. Doc. 20.
[3] R. Doc. 21.  The supplemental authority is an Order and Reasons from the Eastern District granting the Motion to Strike as to other amended complaints in cases where the Eastern District retained jurisdiction.
[4] R. Doc. 24.
[5] R. Doc. 26.
[6] R. Docs. 27 & 28.
[7] Civil Action MDL No. 2047, United States District Court, Eastern District of Louisiana.
[8] R. Doc. 3.

The Eastern District also issued an Order requiring all severed plaintiffs to file amended complaints which "shall contain only the names of the individual plaintiffs whose claims have been severed and the defendants that are the subject of that specific claim."[9]

Plaintiffs filed their Amended Complaint on December 1, 2020.[10] In response, Defendants filed the Motion to Strike[11] what they called "untimely supplemental allegations" in Plaintiffs' Amended Complaint, made after the Eastern District "previously denied leave to add those claims, and after the close of discovery."[12]

While excluding this case from its Order because it had been transferred, the Eastern District granted the Motion to Strike as to the cases still before that court, stating:

> As a purely administrative matter, the Court instructed the severed plaintiffs to file amended complaints so they could proceed separate and apart from the *Bennett* action …. Perhaps out of an abundance of enthusiasm, Plaintiffs in above-captioned actions added paragraphs to their amended complaints. *See* R. Doc. 23046 at 2. These paragraphs include new claims involving 1) failure to test and safely formulate drywall; 2) failure to report defective product pursuant to the Consumer Product Safety Act ("CPSA"), 15 U.S.C. § 2051, *et seq*.; 3) failure to implement a corrective action plan; and 4) failure to notify potential victims or attempt to implement a plan in violation of the CPSA. *Id.* Plaintiffs argue that these claims do not constitute "supplemental pleadings" and the motion to strike should be denied. *Id.* at 3-7.
>
> It has been over six years since commencement of the *Bennett* action, and the Plaintiffs at issue have amended the *Bennett* complaint five times. The Court denied Plaintiff's sixth attempt in an Order and Reasons dated December 19, 2018 because adding supplemental claims would unduly prejudice the Knauf Defendants. R. Doc. 21991. With discovery

---

[9] R. Doc. 6.
[10] R. Doc. 1.
[11] The Motion to Strike was originally filed in the Eastern District and was transferred to this Court when the case was transferred. Accordingly, the motion relates not just to the Amended Complaint filed by Plaintiffs, but to other amended complaints that were filed in the MDL.
[12] R. Doc. 7-1, p. 2.

complete in the *Bennett* action, allowing new claims to be asserted at this stage would be prejudicial and necessitate the reopening of discovery.[13]

As the Court finds the ruling from the Eastern District on this issue to be well-reasoned, and as Plaintiffs have withdrawn their opposition to the Motion to Strike,

**IT IS ORDERED** that Defendants' Motion to Strike Supplemental Claims in Plaintiffs' Amended Complaint[14] is **GRANTED**, and any supplemental claims in the Amended Complaints of Plaintiffs that are inconsistent with R. Doc. 21334 in the MDL and/or with that court's prior rulings are **STRICKEN**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a motion for leave to file an amended complaint to remove any of the stricken matter by no later than **August 27, 2021**.

Signed in Baton Rouge, Louisiana the 11th day of August, 2021.

*Shelly D. Dick*
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[13] R. Doc. 21.
[14] R. Doc. 7.