UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JACQUES BROUSSEAU and  
SARAH BROUSSEAU

CIVIL ACTION

21-5-SDD-EWD

VERSUS

KNAUF GIPS KG and  
KNAUF PLASTERBOARD TIANJIN CO., LTD

### ORDER

There are several motions pending before the Court. Knauf Gips KG ("Knauf") and Knauf Plasterboard Tianjin Co., LTD ("KPT") (collectively "Defendants") filed a *Motion for Partial Summary Judgment to Dismiss Plaintiffs' Redhibition Claims*[1] and a *Motion for Partial Summary Judgment on Prescription*.[2] Jacques Brousseau and Sarah Brousseau ("Plaintiffs") filed an *Opposition*[3] addressing both of Defendants' *Motions for Summary Judgment*, and Defendants filed an *Omnibus Reply*.[4]

Plaintiffs also filed a *Motion for Partial Summary Judgment Against Defendant KPT*.[5] Defendants jointly filed an *Opposition*,[6] and Plaintiffs did not file a reply.

The Court will not reach the merits of these *Motions* because all Parties have failed to comply with the plain language of Local Rule 56. Local Rule 56(h) provides:

> As a general rule, a party may file only one motion for summary judgment that addresses all issues for which that party seeks summary judgment. A party may submit multiple motions for summary judgment only after seeking leave of Court and demonstrating good cause.

---

[1] Rec. Doc. No. 67.  
[2] Rec. Doc. No. 68.  
[3] Rec. Doc. No. 71.  
[4] Rec. Doc. No. 72.  
[5] Rec. Doc. No. 69.  
[6] Rec. Doc. No. 70.

66694

Defendants filed two *Motions for Partial Summary Judgment*.[7] Defendants did not seek leave of Court to do so. Therefore, Defendants failed to comply with Local Rule 56(h).

Plaintiffs also failed to adhere to Local Rule 56. Local Rule 56(b)(1) provides:

> A motion for summary judgment shall be supported by a separate, short, and concise statement of material facts, each set forth in separately numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be simply and directly stated in narrative without footnotes or tables and shall be supported by a record citation as required by subsection (f) of this rule.

Plaintiffs failed to support their *Motion* with a statement of material facts.[8]

Plaintiffs filed a *Statement of Undisputed Facts*[9] with its *Opposition* to Defendants' *Motions*. However, the *Statement* did not adhere to Local Rule 56(c), which provides:

> A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. Each such statement shall begin with the designation "Admitted," "Denied," or "Qualified" and, in the case of an admission, shall end with such designation. The opposing statement may contain in a separately titled section additional facts, each set forth in a separately numbered paragraph and supported by a record citation as required by subsection (f) of this rule.

Plaintiffs' *Statement* did not "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts." Moreover, the facts alleged in Plaintiffs' *Statement* are not supported by citations to the record as required by Local Rule 56(f).[10]

---

[7] Rec. Doc. Nos. 67, 68.
[8] Rec. Doc. No. 69.
[9] Rec. Doc. No. 71-14.
[10] "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. An assertion of fact set

The Parties are hereby ordered to correct the deficiencies that the Court has identified within ten days of this *Order*. If Plaintiffs fail to do so, then the facts within Defendants' *Statements of Material Facts* will be deemed admitted for the purposes of summary judgment. If Defendants fail to correct their deficiency, then Defendants' *Motions for Partial Summary Judgment* will be denied.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on May 13, 2022.

*/s/ Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts."

66694